UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| In the Matter of the Complaint ) | |
| of ) | |
| MATARONAS LOBSTER CO., INC., as Owner of the ) | Civil Action: 1:20-cv-00328 |
| F/V EDNA MAY (O.N. 625859), Her Engines, ) | IN ADMIRALTY |
| Machinery, Tackle, Apparel, Appurtenances, etc., ) | |
| for Exoneration From, or Limitation of, Liability, ) | |
| Civil and Maritime, ) | |
| Plaintiff. ) | |

## **DEFENDANT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OF ARRESTS**

The Defendant, Joshua Hamm, pursuant to Fed. R. Evid. 402, 403, and 609, moves this court in limine to instruct, direct and order the defendant and all of its witnesses not to refer to, interrogate concerning, argue or mention in any way, either directly or indirectly, during the course of the trial, plaintiff's arrest record or warrants. In support of this motion, the Defendant states:

This is a civil matter arising from an injury plaintiff sustained while working, as a Jones Act Seaman, aboard the F/V EDNA MAY when a collision occurred.

Evidence of a prior arrest is not admissible to impeach a witness. Fed. R. Evid. 609 and 608(b). Evidence of prior arrests is similarly irrelevant to the case at bar. Fed. R. Evid. 402 states that only relevant evidence is admissible. The evidence of prior arrests bears no connection to the Defendant's injury in this case. The probative value of the evidence is minimal. Conversely, informing the jury of a person's prior arrests, when he was not convicted of the charges, is unduly prejudicial. Any probative value of the evidence is substantially outweighed by its risk of

prejudice. Under the balancing test outlined by Federal Rule of Evidence 403, this evidence must be excluded. Accordingly, the Plaintiff should not be permitted to question Mr. Hamm concerning prior arrests.

    A pretrial ruling on the admissibility of this evidence will save time in the trial of this case, permit a less hurried decision of the issue, and reduce the possibility of a mistrial, new trial, or reversal.

    WHEREFORE, the Defendant requests this court to exercise its inherent power over the conduct of trials and orders the Plaintiff, their attorney, and every one of their witnesses not to refer to, interrogate concerning, argue or mention in any way, either directly or indirectly, during the course of the trial, plaintiff's arrest record or warrants.

Respectfully submitted,

For the Defendant,
By his Attorney,

/s/ Brian Keane
Brian Keane, BBO #656717
Keane Law Group, P.C.
110 K Street, Suite 330
Boston, MA 02127
(617) 313-2900
bkeane@keanelawgroup.com

I certify that a true copy of the above document was served upon each attorney of record by ECF on September 22, 2025.

/s/ Brian Keane